No. 76–293.  TAYLOR v. TENNESSEE.  Ct. Crim. App. Tenn. Certiorari denied.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Petitioner was convicted after a jury trial in Sullivan County Criminal Court, Tenn., of exhibiting two allegedly obscene motion pictures in violation of Tenn. Code Ann. § 39–3013 (A) (1975), which provides in pertinent part:

> "It shall be unlawful to knowingly send or cause to be sent, or bring or cause to be brought, into this state for sale, distribution, exhibition, or display, or in this state to prepare for distribution, publish, print, exhibit, distribute, or offer to distribute, or to possess with intent to distribute or to exhibit or offer to distribute any obscene matter."

As used in that section,

> "(A) 'Obscene' means (1) that the average person applying contemporary community standards, would find that the work, taken as a whole, appeals to the prurient interest; (2) that the work depicts or describes, in a patently offensive way, sexual conduct; and (3) that the work, taken as a whole, lacks serious literary, artistic, political, or scientific value.
>
> "(C) 'Matter' means any book, magazine, newspaper, or other printed or written material or any picture, drawing, photograph, motion picture film, or other pictorial representation, or any statue, figure, device, theatrical production or live performance, or any recording, tran-

scription, or mechanical, chemical or electrical reproduction, or any other article, equipment, machine or material that is obscene as defined by §§ 39–3010—39–3022.

"(E) 'Distribute' as used above means to transfer possession of, whether with or without consideration.

"(F) 'Knowingly' as used above means having actual or constructive knowledge of the subject matter. A person shall be deemed to have constructive knowledge of the contents if he has knowledge of facts which would put a reasonable and prudent man on notice as to the suspect nature of the material." § 39–3010.

The Tennessee Court of Criminal Appeals affirmed the conviction and the Tennessee Supreme Court, which in an earlier case had held the motion pictures involved to be obscene within the meaning of the statute, *Taylor* v. *State ex rel. Kirkpatrick,* 529 S. W. 2d 692, 699 (1975), refused review.

It is my view that "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 113 (1973) (BRENNAN, J., dissenting). It is clear that, tested by that constitutional standard, Tenn. Code Ann. § 39–3013 (A) is constitutionally overbroad and therefore invalid on its face. For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), I would therefore grant certiorari, vacate the judgment, and remand the case for further proceedings not inconsistent with my dissent in *Paris Adult Theatre I, supra.* See *Wasserman* v. *Municipal Court of Alhambra Judicial District,* 413 U. S. 911 (1973) (BRENNAN, J., dissenting). In that circumstance, I have no occasion to consider whether the other questions presented in this case merit plenary review. See *Heller* v. *New York,* 413 U. S. 483, 495 (1973) (BRENNAN, J., dissenting).